## HANCOCK AND GREEN v. THE BRANCH OF THE BANK OF THE STATE OF ALABAMA AT DECATUR.

1. A promissory note for the payment of a sum of money to the State Bank or one of its Branches, *eo nomine*, " at the counter thereof," if not in proper form to authorise the summary remedy provided by its charter, is sufficient under the 27th section of the act of 1837, " to extend the time of indebtedness to the Bank, &c."

WRIT of Error to the Circuit Court of Morgan.

This was a proceeding by notice and motion, at the suit of the defendant in error against the plaintiffs, as the sureties of James K. Murrah, in a note by which they all promised jointly and severally " to pay to the Branch of the Bank of the State of Alabama at Decatur, at the counter thereof, twenty-seven hundred dollars, twenty-five per cent. of which is payable on the 30th June, 1838, thirty-seven and a half per cent. on the 30th June, 1839, and the balance on the 30th June, 1840, with interest at the rate of eight per cent. per annum. The note is dated the 11th October, 1837, and on its face purports to have been given for a debt, the payment of which is extended under the act of June, 1837, " to extend the time of indebtedness to the Bank of the State of Alabama and its Branches, and legalizing the suspension of specie payments, and for other purposes." The cause was submitted to a jury on the plea of *nil debet*, and the plaintiff having given in evidence the note above described, the defendants proved by the cashier of the Bank, that at the date of the note the individual indebtedness of Murrah to the plaintiff was nine hundred and fifty dollars, the residue of the sum for which the note was given, was part of the indebtedness of the firm of Murrah & Gamble, of which James K. Murrah was a member. Whereupon the defendants moved the court to instruct the jury, that if they believed the evidence adduced to be true, they should find the issue for the defendant, which motion the court overruled, and instructed the jury, that if they were satisfied of the truth of the testimony, they should find for the plaintiff. Thereupon, the de-

fendants excepted, and their bill of exceptions has been duly cer
tified to this court.

It is assigned for error that the Circuit court erred in refusing to
charge the jury as prayed, and in the charge given ; *and further*
the note not being *payable and negotiable* at the Bank, the char-
ter does not authorize the summary remedy by motion.

McCLUNG, for the plaintiffs in error.
S. PARSONS, for the defendant.

COLLIER, C. J.—1. We cannot conceive upon what ground,
the Circuit court was prayed to charge the jury that they should
find the issue for the defendants, because the note in suit was
made for the payment not only of Murrah's individual debt, but
for a part of the joint indebtedness of Murrah & Gamble. It is
not pretended, so far as we are informed, that the charter of the
bank, the act of June, 1837, or the principles of the common law,
are opposed to the validity of such a note. This being the case,
the charge moved was properly refused, and the jury correctly
instructed.

2. The eighth section of the bank charter gives the corporation
a summary remedy for the collection of its debts against the
" maker or indorser of any note, bill, or bond, expressly made ne-
gotiable and payable at said Branch Bank, &c." Under this
provision it is insisted that to give the remedy provided, it is ne-
cessary that the security sued on, should in *terms* conform to its
direction. The view which we take, will make it unnecessary
to consider this question ; though we would remark that we are
by no means certain, that a promise to pay at the counter of the
bank, is not equivalent to stating that a note shall be there paya-
ble and negotiable, and a substantial compliance with the law.
But be this as it may, the question is placed beyond controversy
by the twenty-seventh section of the act of 1837, under which
the note was made. That section is as follows : " That if any
person shall become indebted to any of said institutions by bill,
bond, note or other contract for the payment of money, and shall
delay payment thereof, the said banks may sue for and collect the
same by summary remedy, as in other cases under the charter of
said banks." This provision is very general, and we think can
not be so connected with any other enactment as to require that

the evidence of indebtedness should be drawn in any particular form.    The note in suit appears to have been taken by the Bank, in conformity to the directions of the act, and this in our opinion, is quite sufficient to give the remedy that has been adopted.

The judgment of the Circuit court is consequently affirmed.

CLAY, J. not sitting.